UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
                                       :
AMTRUST NORTH AMERICA,                 :
                                       :
                         Plaintiff,    :    20 Civ. 1166 (DLC)
                                       :
            -v-                        :    OPINION AND ORDER
                                       :
SECURRANTY, INC.,                      :
                                       :
                         Defendant.    :
                                       :
---------------------------------------X

APPEARANCES:

For Plaintiff:
Dennis O. Cohen
157 13th Street
Brooklyn, NY 11215

For Defendant:
Todd J. Krouner
Abigail Rose Schiller
Law Office of Todd J. Krouner, P.C.
93 North Greeley Avenue, Suite 100
Chappaqua, New York 10514

DENISE COTE, District Judge:

On June 26, 2020, Securranty, Inc. ("Securranty") moved to
dismiss the first amended complaint ("FAC") in this diversity
action filed by AmTrust North America, Inc. ("AmTrust"),
principally on the ground that the FAC fails to allege
adequately the amount in controversy.  For the following
reasons, Securranty's motion to dismiss is denied.

**BACKGROUND**

The following facts are taken from the FAC.  In May 2017,
the parties entered into an Administration Agreement (the
"Agreement").  Under the Agreement, AmTrust authorized
Securranty to market and administer service contracts and
insurance programs.  The agreement also placed several
obligations on Securranty, including issuing monthly sales and
customer claims reports to AmTrust, issuing monthly remittances
of premiums and fees from the products to Amtrust, maintaining
segregated accounts for claims and for premiums and fees due to
Amtrust, and maintaining records.  Securranty began marketing
and selling products pursuant to the Agreement no later than
January 2018.

On February 10, 2020, AmTrust filed a complaint alleging
several breaches of the Agreement by Securranty, including using
marketing materials that were not approved by AmTrust, failing
to report sales and claims information to Amtrust (and
eventually providing incomplete reports), and failing to remit
any premiums or fees to AmTrust.  On May 15, Securranty filed a
motion to dismiss.

On June 5, AmTrust filed the FAC, which alleges that
Securranty owes AmTrust approximately $58,805 from "first
dollar" contracts, $104,817 from "excess of loss" contracts, and
$4,578 in insurance policies, totaling approximately $168,200.

In addition to a breach of contract claim, the FAC pleads a claim for breach of fiduciary duty.

On June 26, Securranty renewed its motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  The motion became fully submitted on July 29, 2020.

## DISCUSSION

The defendant argues that the FAC does not adequately allege an amount in controversy sufficient to create subject matter jurisdiction and that the breach of fiduciary duty claim must be dismissed in any event.  A case is "properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."  Morrison v. Nat'l Australia Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008).  In reviewing a motion to dismiss under Rule 12(b)(1), a Court "must accept as true all material factual allegations in the complaint" but may not "draw inferences from the complaint favorable to plaintiffs."  J.S. ex rel. N.S. v. Attica Cent. Sch., 386 F.3d 107, 110 (2d Cir. 2004).  In reviewing a motion to dismiss under Rule 12(b)(6), a court must "accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor."  LaFaro v. New York Cardiothoracic Grp., PLLC, 570 F.3d 471, 475 (2d Cir. 2009).

I.   Amount in Controversy

Defendant moves to dismiss the FAC on the ground that this Court lacks subject matter jurisdiction.  A district court has subject matter jurisdiction based on diversity of citizenship if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a).

"It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction, and it must prove jurisdiction by a preponderance of evidence." Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc., 943 F.3d 613, 617 (2d Cir. 2019) (citation omitted).  This circuit recognizes a "rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy."  Sec. Plans, Inc. v. CUNA Mut. Ins. Soc., 769 F.3d 807, 814 n.5 (2d Cir. 2014).  As a result, "[t]he jurisdictional determination is to be made on the basis of the plaintiff's allegations, not on a decision on the merits." Zacharia v. Harbor Island Spa, Inc., 684 F.2d 199, 202 (2d Cir. 1982).

"The sum claimed by the [plaintiff] controls if the claim is apparently made in good faith.  It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."  Washington Nat'l Ins. Co. v. OBEX Grp. LLC, 958 F.3d 126, 135 (2d Cir. 2020)

4

(citation omitted).  "Even where the allegations leave grave doubt about the likelihood of a recovery of the requisite amount, dismissal is not warranted."  Scherer v. Equitable Life Assurance Soc'y of U.S., 347 F.3d 394, 397 (2d Cir. 2003) (citation omitted).

The FAC alleges approximately $168,200 in damages.  It includes a breakdown of these damages.  Its description is sufficient to establish an amount in controversy that exceeds $75,000.

Securranty argues that the FAC contains a "boilerplate demand" and that there is not a sufficient showing of the amount in controversy to support subject matter jurisdiction since Amtrust did not attach to the FAC the parties' contract or the documents on which the FAC relies to calculate the damages. These arguments are insufficient to defeat Amtrust's pleaded description of the amount in controversy.  It is a detailed description and not a boilerplate demand.  The parties' disagreement over how to interpret the documents that underlie this contractual dispute need not be resolved to decide whether subject matter jurisdiction exists.

In its reply, Securranty argues that Amtrust has incorrectly interpreted extensive electronic data that it supplied to Amtrust.  Amtrust referred to that data, in opposition to this motion, to explain that its pleading of

damages in the FAC may be understated because of its inability
to understand all of Securranty's data.  As with Securranty's
earlier argument, the dispute over the precise amount owed does
not defeat a finding of jurisdiction.[1]  "The fact that a
plaintiff may not recover the minimum jurisdictional amount, or
that a valid defense to the claim may exist, does not show [the
plaintiff's] bad faith or oust the jurisdiction."  Tongkook Am.,
Inc. v. Shipton Sportswear Co., 14 F.3d 781, 784 (2d Cir. 1994)
(citation omitted).

II.  Breach of Fiduciary Duty Claim

Securranty contends that the breach of fiduciary duty claim
must be dismissed as duplicative of the FAC's breach of contract
claim and because it is not pleaded with the requisite
particularity.  Neither argument succeeds.

Under New York law, "[t]wo claims are duplicative of one
another if they arise from the same facts and do not allege
distinct damages."  NetJets Aviation, Inc. v. LHC Commc'ns, LLC,
537 F.3d 168, 175 (2d Cir. 2008) (citation omitted).  "Where a
claimant is entitled to a particular category of damages on
one claim but not the other, the claims are
not duplicative."  Id.  The FAC's two claims are not

---

[1] On August 5, 2020, Amtrust requested permission to file a sur-
reply to address the argument regarding electronic data, which
Securranty made for the first time in its reply brief.  The sur-
reply need not be considered to resolve the motion to dismiss.

duplicative.  AmTrust seeks damages under its fiduciary duty claim that it may not recover under the breach of contract claim.  These include punitive damages, an injunction, and an accounting.

Under New York law, "[t]he elements of a claim for breach of a fiduciary obligation are: (i) the existence of a fiduciary duty; (ii) a knowing breach of that duty; and (iii) damages resulting therefrom." Johnson v. Nextel Commc'ns, Inc., 660 F.3d 131, 138 (2d Cir. 2011) (citing Barrett v. Freifeld, 883 N.Y.S.2d 305, 308 (2d Dept. 2009)).  "A fiduciary relationship exists under New York law when one person is under a duty to act for . . . the benefit of another upon matters within the scope of the relation." Spinelli v. Nat'l Football League, 903 F.3d 185, 207 (2d Cir. 2018) (citation omitted).

The parties dispute whether this breach of fiduciary duty claim must be pleaded with the particularity required by Rule 9(b), Fed. R. Civ. P. Krys v. Pigott, 749 F.3d 117, 129 (2d Cir. 2014) (applying Fed. R. Civ. P. 9(b) to breach of fiduciary duty claim involving fraud).  Under their Agreement, Securranty was required to establish and maintain a segregated fiduciary account to hold money belonging to AmTrust.  The FAC alleges that Securranty failed to remit premiums and fees that it was required to hold as a fiduciary for Amtrust.  These allegations, along with the rest of the allegations in the FAC,

are sufficient to meet the requirements of both Rules 8 and
9(b).[2]

## CONCLUSION

Defendant's June 26, 2020 motion to dismiss plaintiff's FAC
is denied.


Dated:    New York, New York
          September 18, 2020


                                      _____
                                           DENISE COTE
                            United States District Judge

_____

[2] To the extent that Securranty suggests New York state pleading
standards apply, it is incorrect.  The Federal Rules of Civil
Procedure govern pleading standards for a federal court sitting
in diversity.  See Krys, 749 F.3d at 129.