Case 1:20-cv-01166-JLC   Document 57   Filed 02/25/21   Page 1 of 3

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/25/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
AMTRUST NORTH AMERICA,                              :
                                                                          :
                               Plaintiff,     :     **ORDER**
                                                                          :
                      -v-                       :     20-CV-1166 (JLC)
                                                                          :
SECURRANTY, INC.,                                             :
                                                                          :
                             Defendant.   :
------------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

       On February 22, 2021, the parties submitted a stipulation of voluntary dismissal in which they agreed to dismiss the case and to consent to this Court retaining jurisdiction for purposes of enforcing their settlement agreement. Dkt. No. 55. On that same day, plaintiff filed a letter-motion requesting leave to file a redacted settlement agreement on consent and separately filed a copy of the settlement agreement with the proposed redactions. Dkt. Nos. 53–54.

       As an initial matter, the settlement agreement does not qualify as a "judicial document" at this time as it does not form the basis of any decision or action by the Court. *See Schoeps v. Museum of Modern Art*, 603 F. Supp. 2d 673, 676 n.2 (S.D.N.Y. 2009) ("the settlement agreement, though filed with the Court, is probably not a 'judicial document' because it . . . was not the basis of any decision or action by the Court."); *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 337 (S.D.N.Y. 2012) ("in many—if not most—cases, a settlement agreement would not qualify as a "judicial document"). Even if it were considered to be a judicial

1

document, the presumption of access is weak as the redacted material in the settlement agreement does not "directly affect an adjudication" and any such presumption is overcome by the parties' interest in keeping the financial terms of their settlement confidential. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006); *see* Dkt. No. 54 at 2–3.[1]

The parties should keep in mind, however, that this calculus may well change if a motion to enforce the settlement agreement is filed, as the Court will then need to make an adjudication based on the terms of the settlement agreement. If they wish to preserve the redactions to the settlement agreement at that time, they will need to make a renewed application addressing the changed circumstances and overcome the presumption of public access under *Lugosch* and its progeny.

For these reasons, the request to file the settlement agreement with redactions of the payment terms is approved. The Court will "so order" the stipulation of dismissal submitted by the parties (Dkt. No. 55).

---

[1] Indeed, the parties did not need to file the settlement agreement at this time in order for the Court to retain jurisdiction. *See Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 381 (1994) (If the parties want a trial court to have authority to enforce a private settlement agreement, then they need to make "the parties' obligation to comply with the terms of the settlement agreement . . . part of the order of dismissal – either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order."). There is no requirement that the agreement itself, redacted or otherwise, needed to be filed now. The stipulation of dismissal submitted by the parties specifically provides that the Court will retain jurisdiction for purposes of enforcement of the settlement agreement, and that is all that is required under *Kokkonen*.

The Clerk is directed to close this case on the docket.

**SO ORDERED.**

Dated: February 25, 2021
      New York, New York

_____
JAMES L. COTT
United States Magistrate Judge